(129 App. Div. 435.)

### FEOLA v. ORANGE COUNTY ROAD CONST. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

MASTER AND SERVANT (§ 211*) — PERSONAL INJURIES — ASSUMPTION OF RISK — PLACES OF WORK—QUARRIES.

In quarrying it became necessary to remove a tree, and a dynamite charge was exploded; but the tree did not fall. The foreman ordered the tree inspected, and another charge prepared, and the tree to be removed at the noon hour. A short time after the explosion the tree fell and injured an employé working below it, and who had no part in removing the tree. *Held*, that no liability was imposed on the master by reason of not furnishing the employé a safe place to work, as the employé assumed the risk of injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 557; Dec. Dig. § 211.*]

Action by Vincenzo Feola against the Orange County Road Construction Company for personal injuries. An order dismissing the complaint was made, and exceptions ordered to be heard at the Appellate Division in the first instance. Order affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Ralph G. Barclay, for appellant.
John C. R. Taylor, for respondent.

WOODWARD, J. The pleadings as originally made in this case set out a cause of action under the employer's liability act, alleging negligence on the part of defendant's foreman, acting as superintendent, in permitting a tree to fall upon him while engaged in working in a stone quarry. Upon the trial it developed that the plaintiff had not served the notice required by statute, and over the defendant's objection and exception the plaintiff was allowed to amend his complaint and proceed at common law. It does not appear necessary to determine whether the plaintiff could be permitted to do this. His cause, of action under the employer's liability act (Laws 1902, p. 1748, c. 600) consisted in the alleged negligence of the foreman in removing a tree from the top of the embankment near where the work of getting out stone was in progress, while the only ground of negligence urged under the common-law cause of action is that the plaintiff was not provided with a reasonably safe place in which to perform his work. The causes of action are radically different. However, the court refused to permit the case to go to the jury, and directed that the exceptions be heard in the first instance by this court; and, as the cause of action which was tried clearly could not be maintained, it is sufficient to dispose of the case upon that ground.

It seems the stone quarry was about 20 feet deep; that the plaintiff was employed with a pick, crowbar, and other appliances in digging down the stone after the firing of blasts; that on the day of the accident the defendant's foreman, in the prosecution of the work, found it necessary to remove a tree some 70 feet tall from a point on the embankment above the place where the plaintiff was at work; that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he ordered the workmen to drill holes under the roots of this tree, and, after getting the men all out of danger, a charge of dynamite was exploded under the tree. It did not fall, as was expected, and the foreman made an examination of the tree, and then directed that the men come back and drill more holes, saying that at noon they would down the tree. He at the same time directed an Italian foreman, who interpreted his orders to the workmen of that nationality, to make a further examination to see what roots were not cut off by the blast. The plaintiff was not one of the men engaged in drilling the holes, but was at work down in the quarry, some feet distant from the tree. About 15 minutes after the blast was fired, and while the men were at work preparing for the further blasting of the tree, it suddenly fell, striking the plaintiff and working the injuries for which he seeks recovery.

There is no complaint that the defendant had not supplied a reasonably competent foreman. There is no suggestion that the taking down of this tree was not a mere incident in the performance of the work of getting out stone at this quarry, and just what duty the defendant owed to the plaintiff, which was not performed, is not clear to us. The suggestion that the presence of this tree upon the embankment was such a menace in and of itself that the defendant had failed in its duty to provide a safe place for the plaintiff to perform his work is drawing too fine a point to be practical. The tree was not a menace on other days, or upon that day, until the act of the foreman in blasting away the roots made it topple over; and this, we must assume, was rendered necessary by the progress of the work. It would not do to keep on taking out the foundation from under the tree. It was the part of prudence, as the excavation neared the tree, to remove the same, and the foreman was engaged in doing this when the accident resulted. It was as much a detail of the work as it was to blast down the rock which underlaid the roots of the tree, and the defendant had a perfect right to intrust this detail to a competent foreman, and the plaintiff accepted the risks of the employment, which were open and obvious to him, after the defendant had performed its duty. The case of Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021, is ample authority for the disposition which has been made of this case, and we see no reason for continuing the discussion.

The order dismissing the complaint should be affirmed. · All concur.